UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VANESTA NOAHUBI

versus

KENNETH B. JONES, JR.

CONSOLIDATED
CIVIL ACTION NO. 06-2196

JUDGE STAGG

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff's medical malpractice complaint includes an allegation that she "specifically contests the constitutionality of any limitations on liability or damages contained in La. R.S 40:1299.41, et. seq and/or 40:1299.41, et. seq., both generally, and more specifically as those provisions may apply to the plaintiff and/or the defendant in this case." Complaint, ¶ XXII.

F.R.C.P. 5.1, enacted December 1, 2006, implemented 28 U.S.C. § 2403 and replaced similar provisions previously found in F.R.C.P. 24(c). The rule provides, in part, as follows:

> **(a) Notice by a Party**. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
> ***
>
> (B) a state statute is questioned and neither the state nor any of its agencies, officers, or employees is a party in an official capacity; and
>
> (2) serve the notice and paper on ... the state attorney general if a state statute is challenged -- either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

**(b) Certification by the Court**. The court must, under 28 U.S.C. § 2403, certify to the ... state attorney general that there is a constitutional challenge to a state statute.

**(c) Intervention**; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice of constitutional question is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

Plaintiff has filed a return of service (Doc. 5) indicating that she served something upon the Louisiana Attorney General, but Plaintiff has not made an affirmative representation that the service was of the notice and paper required by Rule 5.1 or that service was made, as required by the rule, by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose. Rather, the return indicates a different form of service.

Plaintiff is permitted until **January 31, 2007** to file in the record (1) a notice of constitutional question stating the question and identifying the paper that raises it and (2) evidence that Plaintiff has served the notice and a copy of the paper on the Louisiana Attorney General in a method permitted by the Rule 5.1.

The court hereby certifies to the Louisiana Attorney General that there is a constitutional challenge to state statutes, as noted in the first paragraph above. Plaintiff is directed to serve a copy of this certification on the Louisiana Attorney General and, by **January 31, 2007,** file a certification or other evidence of that service.

The Louisiana Attorney General will be allowed 60 calendar days from the date Plaintiff serves the notice, paper and certification to file a motion for leave to intervene, which must be accompanied by a proposed complaint-in-intervention, a statement of consent required by Local Rule 7.6W, and a proposed order that would grant the motion.

If the Louisiana Attorney General does *not* intend to intervene, the court would appreciate prompt notice to that effect so that scheduling is not unduly delayed. Such notice may be provided by letter to the undersigned at 300 Fannin Street, Suite 4300, Shreveport, LA 71101.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of January, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE